# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MONICA MORRIS,**  **PETITIONER**
**ADC #712959**

VS.  No. 2:24-CV-00079-BSM-ERE

**TAMEKA COLEMAN, Center Supervisor**  **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

## I.  Summary

On April 18, 2024, Petitioner Monica Morris filed a § 2254[1] habeas petition, arguing that the "wrong Monica Morris" is in custody. *Doc. 1*.[2] For reasons

---

[1] Originally, the filing was considered a § 2241 petition because it appeared that Ms. Morris was a pretrial detainee. Based on the current record, Ms. Morris was already convicted at the time she commenced this case, so her petition must be pursued under § 2254. *See* 28 U.S.C. § 2254(a) (setting out habeas remedies for someone "in custody pursuant to the judgment of a State court . . . .").

[2] She filed an amended petition raising the same issue. *Doc. 9.*

explained below, her petition should be dismissed as time-barred and procedurally defaulted.

## II.   Background

On August 6, 2021, Ms. Morris pleaded guilty, in Poinsett County Circuit Court, to possession of a controlled substance and was sentenced to 72 months of probation. *Docs. 20-5, 20-6.* On August 23, 2023, Ms. Morris' probation was revoked, resulting in a 72-month sentence in the ADC. *Doc. 20-2*. She did not seek appellate or post-conviction relief on either her original conviction or probation revocation. *Docs. 20-3.*

Ms. Morris' petition asserts that the "wrong Monica Morris" is in custody because she has been mistaken for her similarly-named cousin. *Docs. 1, 9.*

Respondent argues that Ms. Morris' petition is time-barred, procedurally defaulted, and meritless. *Doc. 20.* On September 3, 2024, Ms. Morris replied but addressed none of Respondent's arguments for dismissal.[3] *Doc. 22.*

The petition is now ripe for review.

---

[3] In her reply brief, Ms. Morris appears to have abandoned her claim. She does not mention the "wrong Monica Morris" argument and makes no effort to rebut Respondent's grounds for dismissal. Instead, Ms. Morris references getting her "vote next week" and mentions issues with her inmate classification and half-way house placement. *Doc. 22*. Finally, on September 13, 2024, Ms. Morris submitted a letter notifying the Court that she finally got her vote, was optimistic that she was going to a half-way house in early October, and, after ninety days there, would go back to Agape House in Paragould. *Doc. 23*.

### III. Discussion

Ms. Morris' petition is clearly time-barred (as to the original conviction) and procedurally defaulted (as to the revocation sentence). And Ms. Morris provides no evidence or legal argument to support equitable tolling or to excuse her procedural default.

### A. Time Bar

Generally, a state prisoner challenging a state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Under Arkansas law, a defendant who enters a guilty plea gives up the right to a direct appeal the conviction, so the conviction becomes final thirty days after the judgment is filed. Ark. R. App. P. Crim. 1 and 2(a)(1); *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).

Ms. Morris entered a guilty plea on August 6, 2021, and the judgment was entered that same day. *Doc. 20-3*. Thirty days later, on Monday, September 6, 2021, the conviction became final. Absent any applicable periods for statutory or equitable tolling, Ms. Morris had one year from that date – September 6, 2022 – to file her federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Ms. Morris filed her federal habeas petition on April 18, 2024. Because Ms. Morris did not file a Rule 37 petition in state court *before* the one-year limitations

3

period expired, she is not entitled to any statutory tolling. 28 U.S.C. § 2244(d)(2) (providing that the one-year limitations period is tolled while a "properly filed" Rule 37 Petition for post-conviction relief is pending in state court).

This action is time-barred unless Ms. Morris can establish: (1) a legal basis for equitably tolling the one-year limitations period; or (2) her "actual innocence." She has presented no legal basis for tolling,[4] and, as discussed below, she fails to meet the actual innocence standard.

Ms. Morris' habeas challenge to her August 6, 2021 conviction is time-barred.

**B.     Procedural Default**

Before filing a § 2254 habeas petition, a state prisoner must "fairly present" the substance of each federal habeas claim in state court. *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *Perry v. Kemna*, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'"); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been

---

[4] For equitable tolling, Ms. Morris must establish that (1) she has been "pursuing [her] rights diligently," but (2) "some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither is supported by the record.

presented to the highest state court in order to preserve the claim for federal review.").

The judgment was entered for Ms. Morris' revocation sentence on August 24, 2023. *Tr. 20-3*. Ms. Morris did not appeal. To date, Ms. Morris has not filed a Rule 37 petition, and the time to do so has expired. *See* Ark. R. Crim. P. 37.2(c)(i) (requiring a Rule 37 petition from judgment of conviction to be filed within 90 days of the entry of judgment).

When a petitioner fails to fully exhaust her claims in state court and the time for doing so has expired, her claims are procedurally defaulted. *Murphy*, 652 F.3d at 849. Federal review of procedurally defaulted claims is barred unless the prisoner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Ms. Morris makes no effort to establish "cause and prejudice"[5] and, for reasons below, her conclusory claim that she is the "wrong Monica Morris" does not support the "actual innocence" exception to procedural default.

---

[5] Cause for procedural default must be an external impediment that prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, (1986). To demonstrate prejudice, a petitioner must show "not merely that the errors at trial created a

Ms. Morris' habeas challenge to her August 23, 2023 probation revocation and sentence is procedurally defaulted.

### C. Actual Innocence Exception

The only possible gateway for consideration of Ms. Morris' time-barred and procedurally defaulted claims is a reliable showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or [the] expiration of the statute of limitations." However, a threshold showing of actual innocence requires new, credible evidence sufficient enough that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Id. at* 393. Ms. Morris fails to present new, credible evidence.

First, since the day she was charged, Ms. Morris has known and could have argued that the state was prosecuting the wrong person. *Doc. 20-4*. The only evidence Ms. Morris presents is her conclusory statement that the "wrong Monica Morris" is in custody. This argument has been available to her for years.

---

possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions . . . [such that he] was denied fundamental fairness at trial." *Id*. at 494 (internal quotation and punctuation omitted). See also, *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice.").

Second, Ms. Morris' claim is unreliable.[6] If Ms. Morris were, in fact, the "wrong Monica Morris," surely she would have raised the issue: (1) before pleading guilty in 2021; (2) while she was on probation for two years; or (3) before her probation was revoked and she was sentenced to prison. Instead, Ms. Morris makes this assertion, for the first time, over three-and-a-half years after she was originally charged and eight months after receiving a prison sentence. Finally, despite lodging many complaints while on probation,[7] Ms. Morris never told her supervising officer that she was the "wrong Monica Morris." Ms. Morris' lack of diligence and inexcusable delay "seriously undermine the credibility of [her] actual-innocence claim." *McQuiggin*, 569 U.S. at 400.

Nothing in the current record comes close to suggesting "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Grouse*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 322 (1995)).

---

[6] The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 16 (1995)); *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when a habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis."). To obtain review of an otherwise defaulted claim, "it is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1353 (quoting *Battle v. Delo*, 64 F.3d 347 (8th Cir. 1995)) (cleaned up).

[7] *Doc. 20-8.*

7

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Monica Morris' petition and amended petition for writ of habeas corpus (*Docs. 1, 9*) be dismissed.

Dated 23 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE